UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAX TOUHEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 24-12577-LTS |
| IRON BUILDERS, INC., | ) ) | |
| Defendant. | ) ) | |
|  | ) | |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (DOC. NO. 50) AND DEFENDANT'S MOTION
FOR LEAVE TO FILE A LATE OPPOSITION (DOC. NO. 63)

June 15, 2026

SOROKIN, J.

This is a copyright infringement action.  Max Touhey, a professional photographer, alleges that Iron Builders, Inc. posted Touhey's copyrighted photo on its business website without his permission.  Touhey seeks statutory damages.

Touhey filed a motion for summary judgment on May 1, 2026.  Doc. No. 50.  Under the governing schedule, any opposition from Iron Builders was due on May 22, 2026.  See L.R. 56.1.  Iron Builders failed to file any response by that date.  Nor did Iron Builders request additional time to file a response.  On June 8, 2026, the Court held a status conference with counsel.  Doc. No. 56.  The Court noted the failure to respond to the motion for summary judgment.  Doc. No. 58 at 3:16-4:12.  Counsel for Iron Builders asserted he had received no electronic notice of the filing of the motion for summary judgment.  Id. at 4:13-5:7.  At the conclusion of the hearing, the Court instructed counsel that if he intended to respond to the motion for summary judgment, he had to file a motion for leave to file a late opposition

explaining the good cause for the delay and attaching the proposed opposition.  Id. at 8:1-4.  Right after the conference, the Court issued an electronic order directing Iron Builders to file any such motion by June 12, 2026.  Doc. No. 57.

Iron Builders made no filing at or before this deadline.  On June 14, 2026, two days after the deadline set by the Court (and over twenty days after Iron Builders' original deadline to oppose summary judgment), Touhey filed a notice that Iron Builders failed to file a timely motion for leave.  Doc. No. 62.  Around five hours after Touhey's filing of the notice, Iron Builders filed its motion for leave to file a late opposition, Doc. No. 63, which Touhey has since opposed, Doc. No. 64.  Iron Builders' motion provides two explanations for the late opposition.  First, the motion states that "Defendant had no reason to believe the Plaintiff would file a summary judgment motion a month before trial in federal court."  Id. ¶ 2.  Second, the motion notes that the ECF notifications for Touhey's summary judgment filing "did not appear in counsel's email inbox nor in his Spam folder though he receives ECF messages from the court regularly."  Id. ¶ 3.

Neither explanation articulates a "good cause" for the tardy filing.  As an initial matter, Iron Builders had advanced notice that Touhey planned to move for summary judgment.  During the scheduling conference on December 11, 2025, counsel for Touhey disclosed to the Court and to defense counsel that Touhey planned to move for summary judgment on liability.  Doc. No. 34.  Nor is the Court persuaded by counsel's explanation regarding ECF notifications.  Touhey submitted five separate filings on ECF in connection with his motion for summary judgment.  See Doc. Nos. 50-54.  Each filing generated a separate ECF notice.  Each ECF notice was sent

2

electronically to the email address on file for defense counsel, stan@massadvocate.com.[1]  While defense counsel asserts that he received none of the five ECF notices regarding Touhey's motion for summary judgment, he did receive other ECF notifications on this matter.  On May 6, 2026, five days after the summary judgment filings, the Court issued an electronic notice of hearing setting the June 8 status conference.  Doc. No. 55.  ECF generated an email notification for the conference and sent it to defense counsel at the email address noted above.  Defense counsel received the notice and appeared at the status conference.  During the conference, defense counsel provided no explanation or evidence to support his claim that he did not receive ECF notices for the filings in connection with Touhey's motion for summary judgment other than the fact that he checked his spam folder during the conference and expressed that he found no ECF notices there.  Doc. No. 58 at 4:17-5:19.  Similarly, Iron Builders' motion for leave does no more than advance the same conclusory assertion.

In light of these circumstances, the Court rejects defense counsel's claim that he did not receive the ECF notices as unsupported and frivolous.  In any event, diligent attorneys are expected to stay abreast of the dockets in their active cases, especially ones nearing trial.  This case has had a firm trial date of June 22, 2026 since December 11, 2025.  Doc. No. 34.  Even assuming defense counsel never received the ECF notices (an assumption the Court rejects), counsel still neglected to check the docket in this matter despite (i) receiving prior notice that Touhey planned to move for summary judgment, (ii) knowing about an upcoming status conference scheduled by the Court, and (iii) having awareness of the looming trial date.  Put simply, Iron Builders has not stated any good cause for the tardiness of its summary-judgment

---

[1] At the June 8 status conference, defense counsel confirmed that this was his correct email address.  Doc. No. 58 at 4:17-19.

opposition. Nor has Iron Builders justified—let alone acknowledged—the fact that its motion for leave was filed after the Court's established deadline. Indeed, defense counsel filed the motion for leave only <u>after</u> Touhey filed a notice notifying the Court that Iron Builders had not moved for leave by the Court's deadline. <u>See</u> Doc. No. 62. Given Iron Builders' repeated and unjustified failures to abide by the required deadlines of this proceeding,[2] the Court DENIES Iron Builders' motion for leave to file a late opposition and declines to consider the proposed opposition.

The Court turns to the pending motion for summary judgment. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991). To prove the second prong, the plaintiff must show that the defendant copied the material and "that the copying is actionable by proving that the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works substantially similar." <u>Johnson v. Gordon</u>, 409 F.3d 12, 18 (1st Cir. 2005) (citation modified).

Touhey has met his burden of establishing each of these elements as a matter of law. First, Iron Builders made no response to the statement of material facts submitted by Touhey.[3]

---

[2] This is not the only time Iron Builders has flouted court-imposed deadlines. The pretrial scheduling order in this matter, which the Court issued on December 12, 2025, directed the parties to file a joint pretrial memorandum "no later than June 12, 2026." Doc. No. 36 ¶ 5. On June 12, 2026, Touhey submitted a pretrial memorandum unilaterally due to Iron Builders' failure to respond to Touhey's numerous attempts to coordinate the submission of a joint memorandum. Doc. No. 61. As of the time of this filing, Iron Builders still has not submitted its portion of the joint pretrial memorandum. <u>See also</u> Doc. No. 64 at 3-5 (listing other instances Iron Builders has missed deadlines throughout litigation).

[3] In fact, Iron Builders' proposed opposition (which the Court declines to consider) contains no response to Touhey's statement of material facts as required by the Local Rules. The only piece of evidentiary support that Iron Builders provides with its opposition is an unsigned affidavit of Iron Builders' president. <u>See</u> Doc. No. 63-1 at 6-7.

Under the Local Rules, statements of material facts are "deemed . . . to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." L.R. 56.1. Accordingly, the undisputed facts in this matter establish that (i) Touhey authored the photograph at issue and possessed a valid copyright over the photograph, Doc. No. 54 ¶¶ 1-7, (ii) Iron Builders published an exact copy of the photograph on its website, id. ¶¶ 8-19, and (iii) Iron Builders had no license or permission from Touhey to use the photograph, id. ¶ 20. These facts suffice to establish Iron Builders' liability for copyright infringement.

Second, the counterarguments raised by Iron Builders do not create a genuine dispute of material fact. During the June 8 status conference, defense counsel conceded that Touhey had ownership of a valid copyright over his photograph. Doc. No. 58 at 6:11-21. Defense counsel also did not dispute that the photograph on Iron Builders' website was substantially similar to Touhey's photograph and that Iron Builders did not have license or permission to display the photograph. Id. at 7:3-20. The only argument defense counsel raised was that Iron Builders should not be held liable for the copyright infringement because it was another party—Iron Builders' website developer—who was responsible for posting Touhey's copyrighted photograph on the website. Id. at 7:1-8:10. Counsel noted that Iron Builders cannot be held liable because the website developer was not operating within the scope of his agency.[4] Id. at

---

[4] This is also the only argument that Iron Builders raises in its proposed opposition to the motion for summary judgment. See Doc. No. 63-1 at 2-4. While the Court declines to consider the proposed opposition for the reasons explained in the text, it is also worth noting that nothing in the substance of the opposition warrants a different resolution of the motion for summary judgment. Astoundingly, the opposition cites to zero legal authorities or cases supporting Iron Builders' argument that it cannot be held liable for the actions of its website developer. Rather, Iron Builders' own assertions support a finding of liability. A defendant corporation may be held vicariously liable under federal copyright law if the corporation has "the right and ability to supervise the infringing activity of the other" and "an obvious and direct financial interest in the exploitation of the copyrighted materials." Rosenthal v. MPC Computs., LLC, 493 F. Supp. 2d 182, 189 (D. Mass. 2007) (citation modified). Here, both elements are met. Iron Builders'

7:1-7.  This objection fails because the undisputed facts establish otherwise.  <u>See</u> Doc. No. 54 ¶¶ 8-19.

Accordingly, the Court ALLOWS Touhey's motion for summary judgment, Doc. No. 50.  Damages are awarded in the amount of $750, which is the minimum statutory award for a single infringed work.  17 U.S.C. § 504(c)(1).  If Touhey wishes to seek attorneys' fees and costs, he shall file a motion for fees and costs within fourteen days.  In light of this ruling, the trial is CANCELLED as no triable claim or defense remains in this matter.

SO ORDERED.

       /s/ Leo T. Sorokin

       United States District Judge

---

president admits that he employed the website developer to build a business website.  Doc. No. 63-1 ¶¶ 2-3.  In its answer to the complaint, Iron Builders also admits that it owned the website and "at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted materials."  Doc. No. 25 ¶¶ 3, 39.  These concessions establish that Iron Builders had the right and ability to supervise the website developer.  Furthermore, Iron Builders had an obvious and direct financial interest in using the photograph on its website.  The affidavit of Iron Builders' president explains that Iron Builders sought to create a website "to create an online presence" and to "attract business."  Doc. No. 63-1 ¶¶ 2, 5.  And, nothing in the opposition disputes Touhey's assertion that "Defendant's display of the Photograph was used to advertise, promote, and sell Defendant's services to the public."  Doc. No. 54 ¶ 17.