UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
MAX TOUHEY,                         )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    Civil No. 24-12577-LTS
                                    )
IRON BUILDERS, INC.,                )
                                    )
        Defendant.                  )
                                    )
```

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR RECONSIDERATION (DOC. NO. 67)

June 22, 2026

SOROKIN, J.

Defendant Iron Builders, Inc. moves for reconsideration of the Court's recent decision denying it leave to file a late opposition to Plaintiff Max Touhey's motion for summary judgment and granting summary judgment in Touhey's favor. Doc. No. 67. For the reasons that follow, the motion for reconsideration is DENIED.

"A court appropriately may grant a motion for reconsideration where the movant shows a manifest error of law or newly discovered evidence." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008) (citation modified). "Likewise, a motion for reconsideration should be granted if the court has patently misunderstood a party . . . or has made an error not of reasoning but apprehension." Id. at 82 (citation modified). However, a party's "simple disagreement with the court's decision is not a basis for reconsideration." Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852-53 (1st Cir. 2006).

Iron Builders' motion fails to articulate any basis for reconsideration.  As an initial matter, all the reasons and information that Iron Builders submits to the Court in support of reconsideration were available to it at the time it made its earlier motion for leave.  However, Iron Builders did not include these reasons in its prior motion; in fact, it now acknowledges that it moves for reconsideration based on circumstances "not previously communicated to the Court."  Doc. No. 68 at 1.  It is well-established that "a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling."  Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003).  Because Iron Builders failed to raise these arguments in its motion for leave, it has waived them.

In any event, none of the arguments advanced by Iron Builders in its motion for reconsideration warrants altering the Court's prior decision.  Defense counsel now contends that he had surgery on May 28, 2026, which interfered with the performance of his work duties until he stopped taking his pain medications on June 13, 2026—the day before he filed the motion for leave to file a late summary-judgment opposition (which itself was filed late).  Doc. No. 68 at 1-4.  Nonetheless, at the status conference on June 8, 2026, when counsel and the Court discussed Iron Builders' failure to oppose the motion for summary judgment, defense counsel did not mention his medical circumstances or indicate that his medications interfered with his ability to fulfill his work responsibilities.[1]  Rather, counsel explained that he never received the five separate ECF notices in connection with Touhey's motion for summary judgment and assured the court that he "obviously would've opposed" the motion had he received the notifications.  Doc. No. 58 at 4:13-5:14.  He then appeared to check his email's Spam folder and stated that

---

[1] Nor did counsel appear to be impaired to any degree during the status conference.

none of the ECF notices appeared there.  Id. at 5:6-7.  Directly after the status conference, the Court issued an electronic order directing defense counsel to file any motion for leave to file a late opposition by June 12 in light of the looming trial date.  Doc. No. 57.

Now, counsel suggests that he missed the Court's deadline for filing the motion for leave because he "was actively on narcotic pain medication when reviewing" the Court's electronic order establishing the deadline.  Doc. No. 68 at 3-4.   However, in his tardy motion for leave, counsel did not explain these medical circumstances, let alone acknowledge the fact that he missed the Court's deadline.  Conveniently, counsel filed his late motion for leave five hours after Touhey's counsel filed a notice that Iron Builders had failed to file a timely motion for leave to file a late summary-judgment opposition.  Doc. No. 62.  Under these circumstances, the Court finds no good cause for the late motion for leave, no good cause for the failure to include these "new" facts in the original motion for leave and, in any event, finds that none of these "new" facts cause the Court to allow the motion for leave.

Moreover, despite rejecting the motion for leave, the Court addressed the merits of Touhey's summary judgment motion before granting summary judgment.  Doc. No. 65 at 4-6.  And, in conducting that analysis, it considered the "facts" submitted by Iron Builders.  Id.  In short, this is not a case where, after denying the motion for leave to file a late response, the Court merely allowed as unopposed the motion for summary judgment.  Indeed, in the decision Iron Builders challenges, the Court noted several deficiencies in Iron Builders' proposed opposition to Touhey's motion for summary judgment, including that (1) Iron Builders had not submitted a statement disputing the undisputed facts advanced by Touhey (as required by the Local Rules), (2) Iron Builders cited no law supporting any of its positions, (3) the affidavit of Iron Builder's President was unsigned, and (4) the record demonstrated that Iron Builders owned the website

containing the copyrighted image, had the ability to stop the display of the image, and had the right and ability to supervise the website developer.  Id.  All of these considerations supported the Court's conclusion that Touhey has established his copyright infringement claim and that Iron Builders had not borne its burden to prove that the infringement was innocent.  See Williams v. Arndt, 626 F. Supp. 571, 581 (D. Mass. 1985) (noting that defendants bear the "burden of proof that they were innocent infringers").

Iron Builders does not address any of these shortcomings in its motion for reconsideration.  Nor has it submitted any additional evidence in support of its opposition to summary judgment, a statement disputing Touhey's facts, a signed version of its President's affidavit, citation to any law supporting its position, or any argument engaging with the court's analysis of the infringement claim.  And, it has not explained its failure to submit a pretrial memorandum pursuant to the Court's long-standing deadline or responded to Touhey's inquiries regarding the same.  See Doc. No. 65 at 4 n.2.[2]  For all these reasons, Iron Builders' motion for reconsideration, Doc. No. 67, is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[2] Turning a blind eye to this issue, Iron Builders asserts that it "has diligently litigated this case since hiring counsel" and "has met every deadline otherwise" in this matter.  Doc. No. 68 at 4. These assertions are plainly incorrect in light of Iron Builders' failure to submit its pretrial memorandum by the deadline set by the Court.